IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20090915-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 29, 2012) |
| Jose Luis Alvarez-Delvalle, | ) | |
| | ) | 2012 UT App 96 |
| Defendant and Appellant. | ) | |

-----

Second District, Farmington Department, 091700115
The Honorable Glen R. Dawson

Attorneys:    Scott L. Wiggins, Salt Lake City, for Appellant
              Mark L. Shurtleff and Karen A. Klucznik, Salt Lake City, for Appellee

-----

Before Judges Orme, Thorne, and Christiansen.

CHRISTIANSEN, Judge:

¶1    Defendant Jose Luis Alvarez-Delvalle appeals his jury conviction for rape, *see* Utah Code Ann. § 76-5-402 (2008), and his subsequent sentence.  We affirm.

I.  Substitution of Counsel

¶2    Defendant argues that the trial court violated his Sixth Amendment right to counsel[1] when it failed to adequately inquire about the reasons Defendant had requested a change of counsel and when it applied the incorrect legal standard to

---

1.  "The Sixth Amendment of the United States Constitution and Article 1, Section 12 of the Utah Constitution guarantee an indigent defendant the right to appointed counsel." *State v. Valencia*, 2001 UT App 159, ¶ 12, 27 P.3d 573.

determine if good cause existed to allow Defendant new counsel. We review whether the trial court's refusal to appoint substitute counsel violated Defendant's Sixth Amendment right for correctness. *See State v. Valencia*, 2001 UT App 159, ¶ 12, 27 P.3d 573.

¶3    "When a defendant expresses dissatisfaction with appointed counsel, the trial court has a duty to 'make some reasonable non-suggestive efforts to determine the nature of a defendant's complaints' before deciding whether good cause for substitute counsel exists . . . ." *See id.* ¶ 13 (quoting *State v. Pursifell*, 746 P.2d 270, 273 (Utah Ct. App. 1987)). Before the trial court is constitutionally required to substitute defense counsel, Defendant must establish that good cause exists for such a substitution. *See State v. Pando*, 2005 UT App 384, ¶ 23, 122 P.3d 672 ("'While an indigent defendant has a right to have counsel appointed to represent him, he does not have a constitutional right to a lawyer other than the one appointed, absent good cause.'" (quoting *Pursifell*, 746 P.2d at 272)), *cert. denied*, 132 P.3d 683 (Utah 2006); *see also State v. Lovell*, 1999 UT 40, ¶ 22, 984 P.2d 382 (establishing that when the defendant requests new counsel, the defendant carries the burden of proving that good cause warrants the substitution of counsel), *cert. denied*, 120 S. Ct. 806 (2000). A defendant can establish "[g]ood cause for substitute counsel [by demonstrating a] 'conflict of interest, a complete breakdown in communication[,] or an irreconcilable conflict which leads to an apparently unjust verdict.'" *Pando*, 2005 UT App 384, ¶ 12 (third alteration in original) (quoting *Lovell*, 1999 UT 40, ¶ 31). In addition to showing that the trial court improperly refused to substitute counsel, a defendant must also establish that the court's decision resulted in prejudice to the defendant. *See Lovell*, 1999 UT 40, ¶ 35.

¶4    Given the facts of this case, we hold that the trial court did not violate Defendant's Sixth Amendment right because it properly inquired into Defendant's request for new counsel and Defendant simply did not carry his burden to establish during the inquiry that a proper factual basis existed from which the trial court could determine good cause.

¶5    On September 13, 2009, Defendant sent a letter to the trial court that stated, in part,

> I would like to fire my lawyer on the grounds of conflict of interest. He does not have my best intentions in mind and I would like a new lawyer. I don't feel I can defend my case

with my present lawyer. I take this case very serious as I feel the outcome will impact my life.

¶6 With the trial scheduled only a month away, the trial court conducted a pretrial conference on September 15, in which it considered Defendant's letter. The trial court began the discussion by properly explaining Defendant's right to counsel and then stated, "Your letter doesn't make it clear to me why there is a conflict between you and your attorney. Would you tell me that in as clear as way as you possibly can?" Through an interpreter, Defendant responded, "I lost my faith in [my counsel] because he never (unintelligible) anything good in my side. How am I going to go to trial with a person that is not . . . good about me?"

¶7 The trial court then allowed defense counsel and the prosecutor to make statements about the representation that had been provided to Defendant. Specifically, defense counsel stated that he had discussed the facts of the case with Defendant, told him what evidence would be presented at trial, and gave him the option to choose between a plea bargain or proceeding to trial. The prosecutor stated, "My sense is that the only disagreement in this matter is . . . [D]efendant's refus[al] to acknowledge what [defense counsel] believes is the potential outcome in this case based on the facts." The prosecutor also commented that he thought it was "appropriate for defense counsel to tell his client what the likely odds are at trial if he chooses to go forward."

¶8 After defense counsel and the prosecutor made their statements, the court asked Defendant if there was "anything else [he] wish[ed] to tell" the court. Defendant stated, "I just want to have a good representation. That's all I want." Following this exchange, the court denied Defendant's request because it did not "find that there [wa]s sufficient conflict to grant a removal of" defense counsel.

¶9 On appeal, Defendant argues that "the trial court erred by not conducting a more meaningful inquiry into Defendant's allegations or complaints" and that if an appropriate inquiry had been made, the court should have determined that a conflict of interest existed. However, based upon the record before us, it appears the trial court made a "reasonable non-suggestive effort[] to determine the nature of . . . [D]efendant's complaints," *see State v. Valencia*, 2001 UT App 159, ¶ 13, 27 P.3d 573. During the discussion with the court regarding his complaints about his defense counsel, Defendant simply did not carry his burden of establishing good cause when he failed to

assert any factual basis for his claim that a conflict of interest existed.[2] *See State v. Lovell*, 1999 UT 40, ¶ 22, 984 P.2d 382 (discussing the requirements to establish good cause based on a conflict of interest). Given the facts presented in this case, we hold that the trial court conducted an adequate inquiry. Based on Defendant's failure to establish good cause, the trial court correctly denied Defendant's request for new counsel.[3]

## II. Ineffective Assistance of Counsel Claims

### A. Presenting Critical Evidence at Trial

¶10 Defendant argues that defense counsel was ineffective because he failed to call the victim's mother to testify at trial. Defendant bases his entire claim on a statement that the victim's mother made to an investigator for the adult probation and parole (AP&P) department that was included in the presentence investigation report (PSR) given to the court in advance of Defendant's sentencing hearing. Though Defendant claims that this statement would have exculpated him if made at trial, he provides no evidence that the victim's mother made similar statements before trial or would have testified similarly at trial.

¶11 Because Defendant claims that his counsel performed ineffectively, Defendant must demonstrate, inter alia, "that [his] counsel's performance was objectively

---

2. On appeal, Defendant also argues that his letter demonstrated other grounds for good cause such as a complete breakdown in communication or an irreconcilable conflict. However, Defendant did not provide any factual evidence that would establish these grounds for good cause. *See State v. Scales*, 946 P.2d 377, 382 (Utah Ct. App. 1997) ("To successfully show 'good cause' for rejecting court-appointed counsel, a defendant must meet a heavy burden. A defendant must do more than show that he or she does not have a 'meaningful relationship' with his or her attorney. . . . Instead, to establish 'good cause' . . . a defendant 'must also establish that the animosity [between the defendant and his or her attorney] resulted in such a deterioration of the attorney-client relationship that the right to the effective assistance of counsel was imperiled. . . . To result in the denial of a defendant's right to counsel, such animosity may not be based solely on the defendant's illegitimate complaints or subjective perception of events." (alteration in original) (citations omitted)).

3. Because we affirm on this basis, we do not reach Defendant's argument that he was prejudiced by the trial court's denial of his request for new counsel.

deficient." *See State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162. To establish this, "[D]efendant must overcome the 'strong presumption that [his] trial counsel rendered adequate assistance,' by persuading the court that there was no 'conceivable tactical basis for counsel's actions.'" *Id.* (second alteration in original) (citations and emphasis omitted). Defendant's brief does not point to any factual basis in the record on which we can evaluate what investigation defense counsel conducted and whether defense counsel made any tactical decisions regarding any possible testimony from the victim's mother. *See generally* Utah R. App. P. 23B(a) ("A party to an appeal in a criminal case may move the court to remand the case to the trial court for entry of findings of fact, necessary for the appellate court's determination of a claim of ineffective assistance of counsel.").

¶12    Defendant also fails to establish that he was prejudiced by defense counsel's performance. *See Clark*, 2004 UT 25, ¶ 6 (requiring the defendant claiming ineffective assistance of counsel to demonstrate, inter alia, "a reasonable probability . . . that but for the deficient conduct defendant would have obtained a more favorable outcome at trial"). Defendant ignores the physical evidence that supported the victim's trial testimony. Defendant also makes no attempt to analyze whether a statement such as the one the victim's mother made in the PSR would have been admissible at trial. *See generally* Utah R. Evid. 403, 608(a). In sum, Defendant has not persuaded us that his counsel performed deficiently or that he was prejudiced by his counsel's performance.

B.  Sentencing

¶13    Defendant also claims that his counsel performed ineffectively at sentencing by failing to present mitigating evidence. Even if we were to assume that counsel's failure to orally present any mitigating factors to the sentencing court constituted deficient performance, Defendant has not established that he was prejudiced by such deficient performance, especially because the mitigating factors that he argues should have been orally presented to the sentencing court were contained in the PSR. *See generally State v. Munguia*, 2011 UT 5, ¶ 30, 253 P.3d 1082 ("'To prove ineffective assistance of counsel, [the defendant] must show: (1) that counsel's performance was objectively deficient, and (2) a reasonable probability exists that but for the deficient conduct [the defendant] would have obtained a more favorable outcome at trial.'" (quoting *Clark*, 2004 UT 25, ¶ 6)); *see also id.* ("A reasonable probability is a probability sufficient to undermine confidence in the outcome. Additionally, proof of ineffective assistance of counsel cannot be a speculative matter but must be a demonstrable reality. In the sentencing context, this court considers the totality of the evidence before the judge and determines

if there is a reasonable probability the judge would have reached a different outcome absent the attorney's deficient performance." (citations and internal quotation marks omitted)). Although Defendant asserts that defense counsel should have orally presented evidence to the court to contradict the PSR's indication that he was a moderate risk and to establish some mitigating factors, he does not explain what evidence, other than that contained in the PSR, was available and could have been used by his counsel to rebut AP&P's risk determination. *See id.* ¶¶ 32, 35 (determining that the defendant failed to prove his ineffective assistance of counsel claim because he did not establish that he was prejudiced when most of the factors that the defendant claims should have been argued by his counsel were presented in PSR and psychosexual evaluation). Furthermore, Defendant does not establish how his counsel's oral presentation of those same mitigating factors that were presented in the PSR would have resulted in a different sentence. Because Defendant did not establish that he was prejudiced by defense counsel's actions or lack thereof at sentencing, his ineffective assistance of counsel claim fails. Thus, we affirm his sentence.

¶14    Affirmed.


_____
Michele M. Christiansen, Judge


-----


¶15    WE CONCUR:


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge