**2015 UT App 126**

## THE UTAH COURT OF APPEALS

JOSE LUIS ALVAREZ-DELVALLE,
Petitioner and Appellant,
*v.*
STATE OF UTAH,
Respondent and Appellee.

Per Curiam Decision
No. 20150235-CA
Filed May 21, 2015

Second District Court, Farmington Department
The Honorable Glen R. Dawson
No. 130700695

Jose Luis Alvarez-Delvalle, Appellant Pro Se

Sean D. Reyes and Mark C. Field, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
JOHN A. PEARCE.

PER CURIAM:

¶1     Jose Luis Alvarez-Delvalle appeals the district court's dismissal of his petition for post-conviction relief as procedurally barred under Utah's Post-Conviction Remedies Act (the PCRA). This case is before the court on the State's motion for summary disposition. We affirm.

¶2     A person is not eligible for relief under the PCRA "upon any ground that . . . was raised or addressed at trial or on appeal." Utah Code Ann. § 78B-9-106(1)(b) (LexisNexis 2012). In addition, a person is not eligible for relief under the PCRA "upon any ground that . . . could have been but was not raised at trial or on appeal." *Id.* § 78B-9-106(1)(c). There is an exception to the procedural bar if "the failure to raise that ground was due to

ineffective assistance of counsel." *Id.* § 78B-9-106(3). Where, as here, the petitioner directly appealed his conviction and was represented by different counsel on appeal, the petitioner must demonstrate that failure to raise the claims on direct appeal constituted ineffective assistance by appellate counsel. *See Allen v. Friel*, 2008 UT 56, ¶ 25, 194 P.3d 903 (stating that, to avoid preclusion under the statute, claims of trial counsel's ineffectiveness "could only be reached if they were presented as issues that appellate counsel should have raised but did not because of ineffectiveness"). The district court concluded,

> In this case Petitioner meets neither of the exceptions that would allow him to raise claims in his petition for post-conviction relief that could have been raised on appeal but were not. Petitioner was represented by different counsel at trial and on appeal. Furthermore, Petitioner has not alleged that his appellate counsel was ineffective. All of Petitioner's claims of ineffectiveness of counsel that were not raised on appeal could have been raised on appeal. Accordingly, Petitioner is not eligible for relief under the PCRA for any claims that he could have raised on appeal but did not. As all of Petitioner's claims either were raised on appeal or could have been raised on appeal, Petitioner cannot be afforded relief under the PCRA.

¶3    On the direct appeal of Alvarez-Delvalle's conviction, we held that the district court in the original criminal case correctly denied Alvarez-Delvalle's request for new counsel. *State v. Alvarez-Delvalle*, 2012 UT App 96, ¶ 9, 275 P.3d 279. We also considered and rejected claims that trial counsel was ineffective for failing to call the victim's mother to testify at trial and for failing to present mitigating evidence at sentencing. *Id.* ¶ 13. In his post-conviction petition, Alvarez-Delvalle again raised these claims that had been adjudicated on appeal. The district court did not err in dismissing these claims based upon the procedural bar of section 78B-9-106(1)(b).

¶4     The district court also did not err in dismissing the remaining claims in the post-conviction petition on the ground that they could have been asserted on direct appeal where Alvarez-Delvalle was represented by different counsel on appeal. *See Johnson v. State*, 2011 UT 59, ¶ 11, 267 P.3d 880 (stating that a "petitioner is not procedurally barred from raising claims of ineffective assistance of counsel [in a post-conviction petition] if the same counsel represented the petitioner at trial and on direct appeal"). The post-conviction petition raised additional ineffectiveness of counsel claims that were not raised on direct appeal, to wit: that trial counsel did not ask for a recess to confer with him about an issue that arose during trial or object to the trial court's response to two jury questions. These claims could have been raised on direct appeal and the district court properly applied the procedural bar of section 78B-9-106(1)(c).

¶5     A "person may be eligible for relief on a basis that the ground could have been but was not raised at trial or on appeal, if the failure to raise that ground was due to ineffective assistance of counsel." Utah Code Ann. § 78B-9-106(3) (LexisNexis 2012). When a petitioner invokes this exception, a post-conviction court may consider the ineffective assistance claims only in the context of a claim that appellate counsel was also ineffective for failing to raise those claims of trial counsel's ineffectiveness on direct appeal. *See Allen*, 2008 UT 56, ¶¶ 15–16. Alvarez-Delvalle did not assert in his post-conviction petition that appellate counsel was ineffective for failing to raise the additional issues of ineffectiveness of trial counsel. For the first time on appeal, Alvarez-Delvalle asserts, in conclusory terms and without any factual detail, that his appellate counsel was ineffective. Because the claim was made for the first time on appeal and is inadequately briefed, we decline to consider it. *See id.*

¶6     Finally, the State correctly notes that Alvarez-Delvalle fails to address the merits of the district court's decision applying the procedural bar. In addition, Alvarez-Delvalle attempts to amplify and add to his ineffectiveness claims in his

memorandum opposing summary disposition. It is fundamental that the burden of an appellant is to demonstrate error in the decision being appealed. *See id.* ¶ 18 (stating that failure to address the holdings in the district court's order and inadequate briefing support dismissal of the appeal). Alvarez-Delvalle has made no attempt to demonstrate error in the district court's decision dismissing his petition as procedurally barred.

¶7    We affirm.

––––––––––