2013 UT App 140

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
DAVID ALEXANDER GUNTER,
Defendant and Appellant.

Opinion
No. 20110728-CA
Filed June 6, 2013

Fifth District, St. George Department
The Honorable James L. Shumate
No. 081502053

Gary G. Kuhlmann and Nicolas D. Turner,
Attorneys for Appellant
John E. Swallow and Andrew F. Peterson,
Attorneys for Appellee

JUDGE CAROLYN B. MCHUGH authored this Opinion, in which
JUDGES WILLIAM A. THORNE JR. and
J. FREDERIC VOROS JR. concurred.

McHUGH, Judge:

¶1     David Alexander Gunter appeals from convictions for aggravated sexual abuse of a child, *see* Utah Code Ann. § 76-5-404.1(4)–(5) (LexisNexis 2012),[1] and four counts of lewdness involving a child, *see id*. § 76-9-702.5. We affirm.

---

1. Where recent amendments to the Utah Code do not affect our analysis, we cite the most recent version of the code for the convenience of the reader.

BACKGROUND[2]

¶2    Gunter was convicted after he inappropriately touched and repeatedly exposed himself to a child (Child). After Child disclosed the abuse to the authorities, police investigators arranged a recorded telephone call between Child and Gunter. During that conversation, Child confronted Gunter about the incidents. Gunter initially denied some of Child's accusations, but later indicated that the responsibility is "exactly 50/50 here" without identifying the specific conduct at issue. As the taped conversation continued, Gunter admitted, "[B]ecause I'm older, I'm taking responsibility," "I totally take the blame," "I'm the one who should have totally put an end to it," "I'm more responsible . . . I should carry more guilt than you," and "I swear on my life that none of this will ever happen again."

¶3    Gunter was charged with three counts of sexual abuse of a child and four counts of lewdness involving a child. The sexual abuse charges were later amended to aggravated sexual abuse of a child due to Gunter being in a position of special trust. The trial court appointed attorney Aric Cramer to represent Gunter. Cramer conducted several rounds of discovery, issued subpoenas, and obtained court-ordered funding to pay for a private investigator.

¶4    The trial court continued a preliminary hearing originally scheduled for January 23, 2009, to February 6, 2009, based on the State's motions indicating its witnesses were unavailable to testify on the original date. Thereafter, the February 6 hearing was continued for reasons that are not apparent from the record. Cramer did not object to either continuance and used the additional time to conduct discovery.

---

2. "On appeal, we recite the facts from the record in the light most favorable to the jury's verdict." *Smith v. Fairfax Realty, Inc.*, 2003 UT 41, ¶ 3, 82 P.3d 1064 (citation and internal quotation marks omitted).

¶5     Subsequently, Cramer withdrew as counsel and was replaced by substitute counsel who represented Gunter at a March 10, 2009 preliminary hearing. At the conclusion of that hearing, the magistrate dismissed one of the three counts of aggravated sexual abuse of a child but found probable cause to bind Gunter over on the remaining counts.[3] Substitute counsel then successfully moved for a reduction in Gunter's bail, which allowed Gunter to post a bond. At the next review hearing, Gunter failed to appear. The trial court ordered the bond forfeited and issued a $100,000 cash-only warrant for Gunter's arrest. Gunter was arrested at his home in Hurricane, Utah. At a new review hearing on July 21, 2010, the trial court again allowed Gunter to be released on bond.

¶6     Around that same time, the trial court appointed second substitute counsel for Gunter as a result of first substitute counsel's ill health. Several months before trial, Gunter's defense was again reassigned with Cramer reappearing as Gunter's counsel. Cramer immediately renewed his discovery efforts. Approximately two weeks before trial, Gunter replaced Cramer with private counsel, Nicholas Chamberlain. The substitution of counsel filed by Chamberlain contains no indication that his appearance was for a limited purpose.

¶7     Gunter again failed to appear for a review hearing one week before trial. That same day, Chamberlain filed a motion to suppress the recorded telephone conversation between Gunter and Child. After jury selection was completed on the first day scheduled for trial, the trial court held an evidentiary hearing on the motion to suppress. The trial court denied the motion and the trial proceeded the following day.

---

3. On the first day of trial, the charges were again amended to eliminate one count of aggravated sexual abuse of a child in conformity with the magistrate's dismissal of it at the preliminary hearing.

¶8     Gunter also did not appear for trial. The trial court concluded that Gunter "had voluntarily absented himself" and proceeded with the trial in Gunter's absence. In doing so, the trial court admonished the jury not to make any negative inferences based on Gunter's absence. Chamberlain represented Gunter during the suppression hearing and at every stage of trial, without giving the trial court any indication that he was appearing for a limited purpose. Despite Gunter's absence, Chamberlain never asked for a continuance, informed the trial court whether he knew where Gunter was, objected to proceeding with trial in absentia, or otherwise addressed Gunter's absence on the record. Chamberlain did, however, successfully move for a directed verdict on one count of aggravated sexual abuse of a child at the close of the State's case-in-chief.

¶9     The jury convicted Gunter of the one remaining count of aggravated sexual abuse of a child and on all four counts of lewdness involving a child. The trial court issued a $200,000 cash-only warrant for Gunter's arrest and ordered that his second bond be forfeited. Chamberlain then withdrew as counsel. Several months later, Gunter was arrested in Mexico and extradited to Utah. At that time, the trial court appointed posttrial counsel to represent Gunter.

¶10     Posttrial counsel filed a motion for a new trial alleging that the trial court conducted an inadequate inquiry into the voluntariness of Gunter's absence from trial, that the trial court could not have found Gunter voluntarily absent if it had known all the facts, and that Chamberlain was ineffective at trial due to the lack of preparation time and his inexperience. The motion for a new trial included an affidavit from Gunter in which he claims that he hired Chamberlain on a limited engagement to pursue only the suppression motion. Gunter's affidavit further indicates that he was stranded in Laughlin, Nevada during trial, that he had informed Chamberlain of that fact the day before trial, and that he spoke with Chamberlain at least six times during the trial proceedings.

¶11   On August 10, 2011, the trial court heard arguments on Gunter's motion for a new trial prior to sentencing. Gunter argued that his absence was not voluntary because he was stranded in Nevada and that Chamberlain ineffectively failed to provide that information to the trial court. Gunter also claimed that the trial court should have sua sponte reappointed Cramer because he had "prepared a defense" for trial and had effectively used the services of the private investigator, while Chamberlain was obviously unprepared. In response, the State argued that there was no evidence beyond Gunter's own statements that he was actually stranded in Nevada during trial and that, because Gunter had chosen to replace Cramer with Chamberlain two weeks before trial, he had caused any resulting prejudice. After argument, the trial court denied the motion for a new trial, indicating only that "[t]he motion for a new trial does not have sufficient legal grounds to support it." The trial court then proceeded with sentencing.

¶12   Gunter's allocution included a statement to the effect that he was stranded in Nevada during trial. The trial court replied that Gunter had "voluntarily absented [him]self from the trial of this matter" and specifically indicated that Gunter lacked credibility "[i]n view of [his] continuing adherence to a position that bears no relationship to the truth." The trial court then sentenced Gunter to an indeterminate prison term of fifteen years to life on the aggravated sexual abuse of a child conviction and concurrent one year terms on the lewdness convictions. Gunter timely appealed. He then filed a motion to this court for a remand under rule 23B of the Utah Rules of Appellate Procedure. We ordered that all briefing on the rule 23B motion should proceed contemporaneously with plenary briefing. The State subsequently moved to strike Gunter's brief, arguing that it relied almost exclusively on non-record evidence. We declined to strike Gunter's brief.[4]

---

4. Although we exercised our discretion to accept Gunter's brief, the State is correct that the brief cites non-record facts contained in Gunter's motion for a rule 23B remand and supporting affidavits.

(continued...)

ISSUES AND STANDARDS OF REVIEW

¶13     Gunter requests that we remand this case to the trial court under rule 23B of the Utah Rules of Appellate Procedure to create a record regarding his ineffective assistance of counsel claim. *See generally* Utah R. App. P. 23B(a) ("A party to an appeal in a criminal case may move the court to remand the case to the trial court for entry of findings of fact, necessary for the appellate court's determination of a claim of ineffective assistance of counsel. The motion shall be available only upon a nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective.").

¶14     Next, Gunter claims that the trial court erred in holding Gunter's trial in absentia because the trial court did not properly inquire into whether Gunter was voluntarily absent. Whether a trial court properly tried a defendant in absentia is a mixed question of law and fact. *See State v. Pando*, 2005 UT App 384, ¶ 13, 122 P.3d 672. "The initial question—whether 'the trial court's inquiry regarding the voluntariness of [a defendant's] absence was properly conducted'—is a question of law reviewed for correctness." *Id.* (alteration in original) (quoting *State v. Wanosik* (*Wanosik I*), 2001 UT App 241, ¶ 8, 31 P.3d 615, *aff'd*, 2003 UT 46, 79 P.3d 937). "If the first question is answered in the affirmative, we next consider whether [the d]efendant was voluntarily absent, a question of fact." *Id.* (citing *State v. Wanosik* (*Wanosik II*), 2003 UT

_____

4. (...continued)

While our ruling allowed briefing on the rule 23B motion to proceed contemporaneously with plenary briefing, we did not allow Gunter to rely on non-record evidence in support of his substantive claims. *See State v. Bredehoft*, 966 P.2d 285, 290 (Utah Ct. App. 1998) ("We consider affidavits supporting [r]ule 23B motions solely to determine the propriety of remanding ineffective assistance of counsel claims for evidentiary hearings."); *see also Low v. Bonacci*, 788 P.2d 512, 513 (Utah 1990) ("[W]e do not consider new evidence on appeal.").

46, ¶ 15, 79 P.3d 937 (noting that "the question of voluntariness is highly fact-dependent")).

¶15    Gunter further alleges that he received ineffective assistance of counsel because his pretrial counsel, Cramer, failed (1) to effectively communicate with Gunter in preparation for trial and (2) to obtain Gunter's consent to a continuance of the preliminary hearing. Gunter also claims that he received ineffective assistance of counsel because his trial counsel, Chamberlain, failed (1) to inform the trial court that Gunter had contacted counsel regarding circumstances surrounding his absence from the trial proceedings and (2) to provide effective assistance where he was hired for the limited purpose of representing Gunter on a suppression issue and not in the trial proceedings. "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162.

ANALYSIS

I. Rule 23B Motion for Remand

¶16    Gunter requests that we remand this case to the trial court to create a record regarding his claim that he received ineffective assistance of counsel from his pretrial counsel, Cramer, and his trial counsel, Chamberlain. "The purpose of [r]ule 23B is for appellate counsel to put on evidence he or she now has, not to amass evidence that might help prove an ineffectiveness of counsel claim." *State v. Johnston*, 2000 UT App 290, ¶ 7, 13 P.3d 175 (per curiam). "The rule was adopted to provide a 'procedural solution to the dilemma created by an inadequate record of trial counsel's ineffectiveness.'" *Id*. (quoting *State v. Litherland*, 2000 UT 76, ¶ 13, 12 P.3d 92). A defendant must meet four basic requirements to obtain a rule 23B remand. "First, the motion must be supported by affidavits setting forth 'facts not fully appearing in the record on appeal that show the claimed deficient performance of the

attorney.'" *Id*. ¶ 8 (quoting Utah R. App. P. 23B(b)). "Second, the facts alleged in support of a [r]ule 23B motion may not be speculative." *Id*. ¶ 10. "Third, the allegations must show deficient performance. In other words, the nonspeculative facts must focus on why counsel's performance was deficient." *Id*. ¶ 12. "Finally, the affidavits supporting the motion must 'also allege facts that show the claimed prejudice suffered by the appellant as a result of the claimed deficient performance.'" *Id*. ¶ 13 (quoting Utah R. App. P. 23B(b)). "These facts must demonstrate prejudice, i.e., that the result would have been different had counsel's performance not been deficient." *Id*.

A. Remand to Establish Cramer's Ineffectiveness is Unnecessary.

¶17    Gunter first seeks a remand to develop the evidentiary record to support his allegation that Cramer failed to exercise reasonable professional judgment when he stipulated to continuances of the preliminary hearing without obtaining Gunter's consent.[5] In support, he relies on rule 7(h)(2) of the Utah Rules of Criminal Procedure. *See* Utah R. Crim. P. 7(h)(2) ("If the defendant does not waive a preliminary examination, the magistrate shall schedule the preliminary examination . . . [to] be held within a reasonable time, but not later than ten days if the defendant is in custody for the offense charged . . . .").

¶18    Even if Gunter is correct that Cramer never discussed the continuances with him, he cannot establish that Cramer's conduct fell below an acceptable level of performance. First, Gunter fails to cite any authority that would require defense counsel to obtain the

---

5. Gunter also initially alleged that Cramer failed to communicate effectively with him or to prepare adequately for trial, but he conceded in his reply brief that no remand is necessary because the record contains sufficient facts to bring a claim of ineffective assistance of counsel on those grounds. Accordingly, we address those arguments in our substantive discussion of Gunter's ineffective assistance of counsel claim. *See infra* ¶¶ 32–33.

consent of a defendant to a continuance of the preliminary hearing. *Cf. Taylor v. Illinois*, 484 U.S. 400, 417–18 (1988) ("Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has—and must have—full authority to manage the conduct of the trial. The adversary process could not function effectively if every tactical decision required client approval." (footnote omitted)); Utah Code Jud. Admin. 14-301 ("If other counsel requires a scheduling change, lawyers shall cooperate in making any reasonable adjustments."). Second, at least one of the continuances was due to the unavailability of the State's witnesses on the scheduled dates, which constituted good cause for the continuances under rule 7(h)(2). *See* Utah R. Crim. P. 7(h)(2) ("These time periods may be extended by the magistrate for good cause shown."); *State v. Rogers*, 2006 UT 85, ¶¶ 19–21, 151 P.3d 171 (determining that good cause includes efforts by the prosecution to secure the presence of critical witnesses). Thus, even assuming that Cramer stipulated to the State's requests for continuance without Gunter's consent, Gunter cannot establish deficient performance. *See State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546 ("Failure to raise futile objections does not constitute ineffective assistance of counsel.").

¶19 Additionally, Gunter has failed to explain how he was prejudiced by Cramer's decisions. To the contrary, Gunter concedes that part of the reason Cramer did not object to the State's motion for a continuance was so that he could use the additional time to obtain discovery from the State. Under these circumstances, Gunter has failed to convince us that a remand under rule 23B is necessary to establish Cramer's ineffectiveness.

B. Remand to Establish Chamberlain's Ineffectiveness is Unnecessary.

¶20 Gunter also contends that a remand is necessary to establish that Chamberlain ineffectively failed to notify the trial court that Gunter was involuntarily absent from trial and similarly failed to

seek a continuance so that Gunter could be present at trial. He also argues that a remand will establish that Chamberlain was unprepared and unauthorized to represent him at trial. According to the State, remand is unnecessary because most of Gunter's allegations are contained in his motion for a new trial, which is part of the record on appeal.

¶21    Gunter's posttrial counsel filed a motion for a new trial advancing the same arguments Gunter now argues on appeal. Attached to the new trial motion is an affidavit from Gunter, claiming that Chamberlain had been hired only to pursue the suppression motion, that Gunter had informed Chamberlain that he was stranded in Laughlin, Nevada during trial, and that he was in contact with Chamberlain throughout trial. The trial court rejected these arguments, determining that Gunter lacked credibility. In support of his motion for a rule 23B remand, Gunter attaches a second affidavit from himself and an affidavit from Chamberlain. Most of the facts alleged in these affidavits are cumulative of facts Gunter alleged in his motion for a new trial and are therefore not supportive of a rule 23B remand. *See State v. Johnston*, 2000 UT App 290, ¶ 8, 13 P.3d 175 ("[Rule 23B] is a means to supplement the record with facts now known, even though not previously elicited in the record.").

¶22    However, Gunter's rule 23B affidavit further indicates, "I did not [meet] with . . . Chamberlain in preparation for trial, nor did I discuss matters such as witnesses or other evidence which may be brought forward in my defense as I had previously done with Cramer." Gunter's affidavit also states, "I believed that these witnesses would either contradict [Child's] accusations, or provide the trial court with additional information and evidence proving my innocence." These statements fail to establish prejudice because Gunter never identifies the witnesses that his counsel allegedly failed to investigate, what those witnesses would have said, or how that testimony would have affected the outcome of the trial. This court has previously instructed that a "defendant must specifically identify uncalled witnesses and identify specific facts of their

testimony that might have helped his case" in justifying a rule 23B remand. *See id.* ¶ 10 (citation and internal quotation marks omitted). Here, Gunter states that he produced "a list of witnesses [he] wanted to be interviewed and subpoenaed for trial," without providing the identity of those witnesses or describing the specific testimony they would have given in support of his defense. Thus, Gunter has failed to allege "facts not fully appearing in the record" that would establish prejudicially deficient performance. *See* Utah R. App. P. 23B(b). Accordingly, we deny his request for a rule 23B remand based on his second affidavit. *See State v. Garrett*, 849 P.2d 578, 581 (Utah Ct. App. 1993) ("Given [rule 23B's] clear emphasis on specific factual allegations, it would be improper to remand a claim under rule 23B for a fishing expedition.").

¶23    In addition, Gunter provides an affidavit from Chamberlain in support of his motion for a rule 23B remand. In that affidavit, Chamberlain admits that Gunter had informed him that Gunter "was out-of-state, and that due to some difficulty with procuring transportation back in-state, [Gunter] was concerned that he may not be able to attend the trial proceedings." Chamberlain also indicates that he "remained in telephonic contact with [Gunter] throughout the trial proceedings" and that he "did not alert the trial court to the fact that [Gunter] had contacted [him] telephonically, nor did [he] alert the trial court to the circumstances surrounding [Gunter's] absence or seek a continuance based upon the same." Although Chamberlain also indicates that if Gunter had been present he would have called him as a witness, he does not elaborate concerning the content of the testimony he expected to elicit from Gunter in his defense. *See Johnston*, 2000 UT App 290, ¶ 10 (requiring the defendant to identify specific facts that an uncalled witness would have provided in support of the defense).

¶24    With respect to Chamberlain's alleged failure to disabuse the trial court of the notion that Gunter was voluntarily absent, his affidavit indicates that he was in contact with Gunter throughout the trial court proceedings but that Chamberlain did not share the circumstances of Gunter's absence with the trial court. This

information is cumulative of Gunter's new trial affidavit. And even if Chamberlain's affidavit would have convinced the trial court that Gunter was credible when he reported that he was in contact with his trial counsel, it does not establish that Gunter was involuntarily absent. Gunter has pointed us to no evidence, including Chamberlain's affidavit, that explains why he was out of state shortly before his trial or how he managed to travel to Mexico immediately after a verdict was rendered against him but was unable to return to Utah to participate in his defense. Accordingly, Gunter has not convinced us that a remand under rule 23B is appropriate.

## II. Trial In Absentia

A. The Trial Court Inadequately Inquired Into Whether Gunter was Voluntarily Absent.

¶25    Gunter contends that the trial court committed reversible error by proceeding with trial in absentia because it failed to conduct an adequate inquiry into whether his absence was voluntary. "'[D]efendants have the right to be present at all stages of the criminal proceedings against them and . . . it is the burden of the prosecution to show that an absent defendant has knowingly and voluntarily waived that right' before trying him or her in absentia." *State v. Pando*, 2005 UT App 384, ¶ 16, 122 P.3d 672 (alteration and omission in original) (quoting *Wanosik II*, 2003 UT 46, ¶ 12, 79 P.3d 937 (addressing sentencing in absentia)) (addressing failure to appear for trial); *see also* Utah Const. art. I, § 12 ("In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel . . . ."); *Tennessee v. Lane*, 541 U.S. 509, 523 (2004) (deriving a criminal defendant's right to be present at critical stages of his or her trial from the Due Process Clause of the Fourteenth Amendment and the incorporated Confrontation Clause of the Sixth Amendment). "In light of the State's burden, 'absent any direct evidence' explaining the defendant's whereabouts, the trial court will ordinarily postpone the proceedings 'to permit both the prosecution and defense

counsel to seek additional information.'" *Pando*, 2005 UT App 384, ¶ 16 (quoting *Wanosik II*, 2003 UT 46, ¶ 12). Where there is no explanation for the defendant's absence, resolving the question of voluntariness "requires some form of inquiry by the trial court." *Wanosik II*, 2003 UT 46, ¶ 15.

¶26    The State concedes that "no direct inquiry by the trial court appears in the record."[6] Thus, the record reflects that the trial court erred by failing to make an adequate inquiry into whether Gunter was voluntarily absent before proceeding with trial in absentia. *See State v. Houtz*, 714 P.2d 677, 678 (Utah 1986) (per curiam) ("[V]oluntariness may not be presumed by the trial court."); *see also Wanosik I*, 2001 UT App 241, ¶ 25, 31 P.3d 615 ("In this case, the State made no preliminary showing of voluntariness whatever, and the trial court erred by making inadequate inquiry into [the defendant's] ability to appear . . . before deciding that he had waived his right to be present . . . ." (citation and internal quotation marks omitted)), *aff'd*, 2003 UT 46, 79 P.3d 937.

---

6. After deciding to postpone taking evidence until the day after jury selection, this discussion ensued:

> THE COURT: . . . that will give [Chamberlain] a chance to talk with [his] client and see what he wants to do.
> [THE STATE]: If you can find him.
> THE COURT: See how to handle it. *I don't even want to know. That's* [*Chamberlain's*] *problem. I'm not even going to worry about it.*
> [CHAMBERLAIN]: Yes, yes.
> . . . .
> (Recess taken)
> . . . .
> THE COURT: Thank you, ladies and gentlemen. We're back on the record in State v. [Gunter]. Mr. Gunter has voluntarily absented himself in these proceedings.

(Emphasis added.)

B. Any Error was Harmless.

¶27    "A trial court's error in failing to conduct an adequate inquiry into whether a defendant's absence was voluntary does not merit reversal, however, unless the defendant was prejudiced by the lack of adequate inquiry." *Wanosik I*, 2001 UT App 241, ¶ 26;[7] *see also State v. Anderson*, 929 P.2d 1107, 1111 (Utah 1996) ("It stands to reason that a defendant cannot demand repetition of a trial . . . in which he suffered no unfairness."). Gunter argues that he was prejudiced by the proceedings in absentia because he "was represented by an attorney who was neither authorized, nor prepared, to represent" him and because he was "denied his right to be present at, and participate in, the trial proceedings."

¶28    With respect to Gunter's inability to participate in the proceedings, the State argues that any error in the trial court's inquiry or deficiency in Chamberlain's failure to seek a continuance was harmless because the trial court made a posttrial finding that Gunter's absence was voluntary. Gunter's motion for a new trial provided additional evidence, including Gunter's affidavit, in support of his argument that he was involuntarily stranded in

---

7. In *Wanosik I*, 2001 UT App 241, 31 P.3d 615, *aff'd*, 2003 UT 46, 79 P.3d 937, this court applied a simple harmlessness analysis in determining that the trial court's failure to adequately inquire into the defendant's ability to appear for sentencing was harmless. *Id.* ¶¶ 25–26. However, in *Chapman v. California*, 386 U.S. 18 (1967), the United States Supreme Court applied a higher standard when determining whether a trial court's constitutional error could be considered harmless, noting that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was *harmless beyond a reasonable doubt*." *Id.* at 24 (emphasis added). Although neither party briefed this higher standard on appeal, our acceptance of the trial court's posttrial finding that Gunter had voluntarily absented himself, *see infra* ¶ 29, establishes that the trial court's error here was harmless under either standard.

Nevada during trial. After considering that evidence and argument, the trial court expressly found that Gunter had voluntarily failed to appear at trial. In doing so, the trial court determined that Gunter lacked credibility. Other record evidence supporting the trial court's determination of voluntariness includes that Gunter failed to appear at two pretrial review hearings, resulting in the forfeiture of his bond and a warrant being issued for his arrest, and that Gunter fled to Mexico after trial and had to be extradited to Utah. In addition, Gunter admitted that "he could have made more of an effort to contact the [trial c]ourt [regarding being stranded] prior to his case going to trial." Indeed, the only record evidence supporting Gunter's argument that he was involuntarily absent from trial was his own affidavit attached to the new trial motion, which contained no independent, corroborating evidence suggesting that Gunter was in fact stranded in Nevada or explaining why he was in Nevada in the first place.

¶29   Despite his reliance on the new trial proceedings for establishing that he preserved his objection to trial in absentia, Gunter completely ignores on appeal the trial court's finding that he was voluntarily absent, made after considering the evidence offered in support of a new trial. Because he has not challenged that finding, we accept it as true. *See C & Y Corp. v. General Biometrics, Inc.*, 896 P.2d 47, 52 (Utah Ct. App. 1995) (stating that, because the appellant did not challenge the trial court's finding, this court was required to accept the finding as true). As a result, Gunter cannot establish prejudice based on the trial in absentia. If the trial court had made appropriate inquiry on the first day of trial, it would have reached the same conclusion that it did after hearing the evidence on the new trial motion—that Gunter intentionally absented himself from the trial proceedings. Accordingly, the trial court's error in proceeding with trial without making an adequate inquiry into Gunter's absence was harmless. *Cf. Wanosik I*, 2001 UT App 241, ¶ 26.

III. Ineffective Assistance of Counsel

¶30    The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). "To support an ineffective assistance of counsel claim, a defendant must demonstrate, first, 'that counsel's performance was deficient' and, second, 'that counsel's deficient performance was prejudicial.'" *State v. Walker*, 2010 UT App 157, ¶ 13, 235 P.3d 766 (quoting *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92). "To satisfy the first part of the test, [a] defendant must overcome the strong presumption that [his] trial counsel rendered adequate assistance by persuading the court that there was no conceivable tactical basis for counsel's actions." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162 (second alteration in original) (emphasis, citations, and internal quotation marks omitted). "The court give[s] trial counsel wide latitude in making tactical decisions and will not question such decisions unless there is no reasonable basis supporting them." *Id.* (alteration in original) (citation and internal quotation marks omitted); *see also Strickland*, 466 U.S. at 689 (indicating that counsel should be given wide latitude in making tactical decisions). "To show prejudice, a defendant must establish that 'there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt.'" *Walker*, 2010 UT App 157, ¶ 13 (quoting *Strickland*, 466 U.S. at 695). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

¶31    Gunter argues that Cramer's pretrial efforts were deficient based on (1) his failure to communicate effectively with Gunter in preparation for trial and (2) his failure to obtain Gunter's consent to continue the preliminary hearing. Next, Gunter alleges that Chamberlain was ineffective because (1) he failed to inform the trial court of the circumstances surrounding Gunter's absence from trial and (2) he failed to inform the trial court that he had been retained for the limited purpose of bringing the suppression motion and was not authorized to represent Gunter at trial.

A. Cramer's Assistance was Not Deficient.

¶32    Gunter's ineffective assistance arguments based on Cramer's pretrial performance fail because Gunter replaced Cramer with Chamberlain before trial. *See generally State v. Barber*, 2009 UT App 91, ¶ 17, 206 P.3d 1223 ("Absent special circumstances, a 'defendant's choice of retained counsel must be respected' . . . ." (quoting *United States v. Collins*, 920 F.2d 619, 626 (10th Cir. 1990), *superseded by statute on other grounds as recognized by Lewis v. Commissioner of Internal Revenue*, 523 F.3d 1272 (10th Cir. 2008))). Thus, Cramer's alleged inadequate preparation had no effect on the outcome of the trial in which he did not participate. Furthermore, Gunter's claims are directly contradicted by his argument to the trial court in support of his motion for a new trial. There, he asserted that the trial court should have sua sponte reappointed Cramer because while Chamberlain was not adequately prepared for trial, "Cramer . . . was prepared. He had an investigator, . . . [and t]hey had prepared a defense . . . ."

¶33    As previously discussed, Gunter's argument that Cramer should have interviewed or subpoenaed witnesses fails to establish deficiency or prejudice because Gunter does not identify the witnesses or the content of their expected testimony. *See generally Fernandez v. Cook*, 870 P.2d 870, 877 (Utah 1993) ("[P]roof of ineffective assistance of counsel cannot be a speculative matter but must be a demonstrable reality."). Additionally, for the same reasons we denied Gunter's request for a rule 23B remand, Gunter has not established that Cramer acted deficiently or that he was prejudiced by Cramer's failure to obtain Gunter's consent to the continuances of the preliminary hearing. *See supra* ¶¶ 18–19.

B. Chamberlain's Assistance was Not Deficient.

¶34    Gunter next argues that Chamberlain rendered ineffective assistance of counsel at trial by not seeking a continuance after he learned that Gunter was stranded in Nevada. Specifically, Gunter claims that his attendance and participation at trial were vital to his

defense because Chamberlain would have called him as a witness. He further asserts that he was prejudiced because there was a reasonable probability that the trial court would not have proceeded in absentia if Chamberlain had informed it of the reason for Gunter's absence. However, because Gunter has not challenged the trial court's posttrial finding that his absence was voluntary, he cannot establish either deficient conduct or prejudice in Chamberlain's decision not to seek a continuance.

¶35 There is no requirement that counsel engage in futile acts. *See State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546 ("Failure to raise futile objections does not constitute ineffective assistance of counsel."). Based on Gunter's prior voluntary absences and the absence of any explanation for why he was out of the state immediately before his scheduled trial date, Chamberlain could have reasonably concluded that the trial court would not continue the proceedings. Furthermore, even if Chamberlain performed deficiently by not notifying the trial court of Gunter's reported stranding, Gunter cannot meet his "burden of proving that [Chamberlain's presumed] errors actually had an adverse effect on the defense and that there is a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." *See State v. Ott*, 2010 UT 1, ¶ 40, 247 P.3d 344 (omission in original) (citation and internal quotation marks omitted). After the trial court was fully apprised of Gunter's explanation for being absent, it concluded that his absence was voluntary, and Gunter has not challenged that finding on appeal. Accordingly, the result would have been the same if Chamberlain had informed the trial court of Gunter's telephone calls—the trial court would have proceeded with the trial in absentia based on its finding that Gunter was voluntarily absent.

¶36 Gunter next asserts that Chamberlain rendered ineffective assistance by failing to call any witnesses at trial and by failing "to inform the trial court that he was not hired, nor prepared, to provide effective representation." As we have previously determined, Gunter's claims regarding the failure to call other

witnesses is too speculative to establish prejudice because he has identified neither the witnesses nor the content of their testimony. *See State v. Chacon*, 962 P.2d 48, 50 (Utah 1998) (holding that proof of ineffective assistance must be based on "a demonstrable reality and not a speculative matter" (citation and internal quotation marks omitted)).

¶37    Additionally, the record shows that contrary to the limited fee agreement, Chamberlain filed a general substitution of counsel. Based on Chamberlain's appearance, Cramer withdrew. Although this left Chamberlain as the only counsel of record, Gunter points to no evidence that he objected to Cramer's withdrawal. As counsel of record, Chamberlain immediately filed the suppression motion and, when it was denied, he participated in all aspects of the trial.[8] Although Gunter claims he was in contact with Chamberlain during trial, he does not assert that he instructed Chamberlain not to participate on his behalf.

¶38    There is also nothing in the record that demonstrates Chamberlain was unprepared. He participated in jury selection; cross-examined witnesses, making objections during their testimony; participated in drafting the jury instructions; successfully moved for dismissal of one charge of aggravated sexual abuse of a child after the State rested its case-in-chief; and made a closing argument to the jury. Other than the general complaint that Chamberlain was unprepared and inexperienced, Gunter identifies no specific deficiencies in his trial performance. *See State v. Classon*, 935 P.2d 524, 532 (Utah Ct. App. 1997) ("[A] defendant must identify counsel's specific acts or omissions that fall outside the wide range of professionally competent assistance." (citation and internal quotation marks omitted)). Accordingly, Gunter has failed to identify how Chamberlain's actions were deficient or how he was prejudiced by that deficient performance.

---

8. Similarly, neither Gunter nor Chamberlain asserts in his affidavit in support of the rule 23B motion that Gunter registered any objection to Chamberlain acting as trial counsel.

*See Kell v. State*, 2008 UT 62, ¶ 27, 194 P.3d 913 ("[A] defendant alleging ineffective assistant of counsel must establish both that counsel's performance was deficient and that the deficient performance prejudiced the defense." (citation and internal quotation marks omitted)).[9]

CONCLUSION

¶39   We deny Gunter's request for a rule 23B remand because Gunter has failed to articulate specific factual allegations that would demonstrate that he was prejudiced by counsel's performance. Although the trial court erred in proceeding with trial in absentia without conducting an adequate inquiry into whether Gunter's absence was voluntary, the error was harmless due to the trial court's posttrial consideration of further evidence on that issue and its unchallenged finding that Gunter was voluntarily absent from trial. Gunter has failed to establish that either his pretrial counsel or trial counsel rendered ineffective assistance.

¶40   Affirmed.

————————

9. Because we determine that Gunter's trial counsel was not ineffective, we need not reach Gunter's inadequately briefed claim that the trial court should have sue sponte removed Chamberlain and reinstated Cramer.