**2015 UT App 157**

## THE UTAH COURT OF APPEALS

SALT LAKE CITY,
Plaintiff and Appellee,
*v.*
PAULO SERGIO SAN JUAN,
Defendant and Appellant.

Memorandum Decision
No. 20140198-CA
Filed June 18, 2015

Third District Court, Salt Lake Department
The Honorable Deno G. Himonas
No. 015911080

Kelly Ann Booth, Attorney for Appellant

Padma Veeru-Collings and Ryan J. Richards,
Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and STEPHEN L.
ROTH concurred.

VOROS, Judge:

¶1 In 2001, Paulo Sergio San Juan was charged with driving under the influence (DUI), a class B misdemeanor, and speeding, a class C misdemeanor. San Juan failed to appear for trial and a warrant issued for his arrest. Approximately twelve years later, San Juan appeared for trial, and a jury found him guilty of both counts. San Juan appeals his DUI conviction. We affirm.

¶2 At San Juan's trial, a single witness, a Salt Lake City police officer, testified. The officer testified that his traffic-enforcement responsibilities included detecting people who might be impaired. He testified that he had been trained to conduct field sobriety tests and that he was trained as a drug recognition

expert (DRE). The officer explained that DRE training takes two weeks but the entire course and certification process takes one year. The officer testified that on the night in question he pulled a vehicle over for driving 55 miles per hour on a street posted at 35 miles per hour. The driver produced his driver license, allowing the officer to identify San Juan as the vehicle's driver. The officer testified that he remembered the traffic stop and identified San Juan in court as the vehicle's driver. The officer further testified, his memory refreshed by his police report, that during the traffic stop he smelled "a very strong odor of" alcohol on San Juan's breath and observed that San Juan had "red, glossy eyes." The officer also testified that San Juan behaved belligerently, refused to consent to a blood alcohol test, and acknowledged he had consumed "some wine." The officer administered field sobriety tests, and because San Juan failed "each and every" field sobriety test, the officer concluded that San Juan "was not safe to drive a motor vehicle."[1]

¶3     On appeal San Juan contends that his trial counsel rendered ineffective assistance of counsel under the Sixth Amendment to the United States Constitution. To succeed on his claim of ineffective assistance of counsel, San Juan must establish that trial counsel performed deficiently and that counsel's deficient performance resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Houston*, 2015 UT 40, ¶ 70; *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92.

¶4     First, San Juan contends that his trial counsel performed ineffectively by failing to request notice of any expert witnesses. But trial counsel did request—and presumably receive—"[a] list of *all* witnesses the State intend[ed] to call for trial." (Emphasis

---

1. On appeal from a jury verdict, "[w]e recite the facts from the record . . . in the light most favorable to the jury's verdict." *State v. Geukgeuzian*, 2004 UT 16, ¶ 2, 86 P.3d 742.

added.) Trial counsel also requested and received all police reports relating to the incident. San Juan does not explain why in this case not specifically requesting notice of expert witnesses falls below an objective standard of reasonable performance. Nor does he identify what information the more specific request would have yielded or how that information would have created a reasonable likelihood of a different trial result.[2]

¶5     Second, San Juan contends that his trial counsel performed ineffectively by failing to object to the admission of the police officer's expert testimony without his first having been qualified as an expert. San Juan's argument fails to rebut the "strong presumption" that not requiring the prosecutor to certify the officer as an expert "might be considered sound trial strategy." *See Strickland*, 466 U.S. at 689 (citation and internal quotation marks omitted). Moreover, San Juan has not demonstrated, based on the record before us, a reasonable likelihood that the officer would not have been qualified as an expert. Accordingly, San Juan has not shown how he was prejudiced by counsel's performance. San Juan also contends that his trial counsel performed ineffectively by failing to object to the officer's statement that, "based on [his] experience from the field sobriety tests and the amount of clues [he] observed . . . [San Juan] was not safe to drive a motor vehicle." San Juan

---

2. Utah law requires the prosecution and the defense to give notice of any expert they intend to call to testify in a felony case. Utah Code Ann. § 77-17-13(1) (LexisNexis 2012). This was a misdemeanor case. Moreover, this requirement does not apply to an expert who is an employee of a political subdivision of the state, "so long as the opposing party is on reasonable notice through general discovery that the expert may be called as a witness at trial, and the witness is made available to cooperatively consult with the opposing party upon reasonable notice." *Id.* § 77-17-13(6).

argues that this statement was inadmissible as "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." *See* Utah R. Evid. 704(b). Assuming, without deciding, that failure to object to the police officer's statement constituted deficient performance, San Juan has not demonstrated prejudice. We do not agree that admitting the officer's observations while excluding his conclusion would have created a reasonable likelihood of a different result at trial.

¶6    Third, San Juan contends that his trial counsel performed ineffectively by failing to call a defense expert to rebut the police officer's opinion that San Juan's conduct indicated impairment. But San Juan has not identified such an expert, stated what that expert's opinion would be, or explained how that opinion would have created a reasonable likelihood of a different outcome at trial. His argument thus fails to establish either deficient performance or prejudice. *See State v. Gunter*, 2013 UT App 140, ¶ 33, 304 P.3d 866 (citing *Fernandez v. Cook*, 870 P.2d 870, 877 (Utah 1993)).

¶7    Finally, San Juan contends that his trial counsel performed ineffectively by stipulating to San Juan's identity as the driver in question. However, the trial record demonstrates that trial counsel did not stipulate to San Juan's identity. The question of identity was submitted to the jury as an element of the DUI offense that the City had the burden of proving beyond a reasonable doubt. The City presented direct evidence of identity through the officer's in-court identification of San Juan.[3] Furthermore, the jury convicted San Juan based on the officer's

---

3. We note that the record indicates that trial counsel, on cross-examination, vigorously challenged the officer's ability to recall a single, twelve-year-old DUI arrest among the hundreds of intervening DUI arrests.

testimony. Accordingly, even if trial counsel had stipulated to identity, San Juan could not establish prejudice where, as here, the jury found, based on the trial evidence and beyond a reasonable doubt, that the "glossy-eyed" driver who failed the field sobriety tests was indeed San Juan.

¶8     The judgment of the trial court is affirmed.

———————