**2018 UT App 140**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
MICHAEL ROBERT HILL,
Appellant.

Opinion
No. 20160489-CA
Filed July 19, 2018

Sixth District Court, Manti Department
The Honorable Marvin D. Bagley
No. 141600182

Douglas L. Neeley, Attorney for Appellant

Sean D. Reyes and Thomas Brunker, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES KATE A. TOOMEY and JILL M. POHLMAN concurred.

CHRISTIANSEN, Judge:

¶1     Defendant Michael Robert Hill appeals his convictions for
burglary and theft by receiving stolen property. We affirm.

## BACKGROUND

¶2     On September 18, 2014, Hill accompanied his girlfriend
(Girlfriend) to a cabin owned by her ex-boyfriend (Victim). Hill
assisted Girlfriend in removing a number of items from the
cabin, including guns, ammunition, a compound bow, men's
outdoor clothing, fishing poles, binoculars, candles, and beach
towels.

¶3    Victim reported the items missing. When police investigated, they found a broken window and pry marks on the front door deadbolt. Victim suspected that Hill and Girlfriend were responsible, and he provided police with photographs of them and their vehicle. Eyewitnesses who had observed a man and woman carrying property to a vehicle near the cabin on the day of the robbery identified Hill, Girlfriend, and their vehicle. Police discovered that Hill had pawned the compound bow, and they also found several more of the stolen items both in the house Hill shared with a roommate and in the roommate's car.

¶4    During a police interview, Hill admitted that he helped Girlfriend remove the items from the cabin, but he insisted that he believed they belonged to her. He claimed he did not initially accompany Girlfriend to the cabin but only helped her carry the items to the vehicle after they had already been removed from the cabin. He claimed he never saw the broken window. He also claimed he had pawned the bow on Girlfriend's behalf.

¶5    The State charged Hill with second-degree-felony burglary and second-degree-felony theft by receiving stolen property. The State subpoenaed Girlfriend to testify at trial, but she refused to appear, asserting her right against self-incrimination. Following trial, the jury convicted Hill of second-degree-felony burglary and third-degree-felony theft by receiving stolen property.

¶6    Hill moved for a new trial. He asserted that his counsel performed ineffectively by failing to (1) call Girlfriend to testify, (2) introduce into evidence an email written five months after the burglary that Victim purportedly sent to Girlfriend, and (3) introduce a recording of Girlfriend's police interview.

¶7    After an evidentiary hearing, the district court denied Hill's motion for a new trial. The court reasoned that Hill had failed to prove that Girlfriend would have testified even if she had been called by the defense, that counsel had acted appropriately in choosing not to introduce the email because it

was fabricated, and that Girlfriend's police interview was unhelpful to the defense because it included statements contradicting Hill's trial testimony. Hill appeals the district court's ruling.

ISSUE AND STANDARD OF REVIEW

¶8    Hill asserts that the district court erred in denying his motion for a new trial. In reviewing an appeal from the denial of a motion for a new trial based on ineffective assistance of counsel, we review the district court's factual findings for clear error and its application of the law to the facts for correctness. *See State v. J.A.L.*, 2011 UT 27, ¶ 20, 262 P.3d 1.

ANALYSIS

¶9    As he did in his motion for a new trial, Hill asserts on appeal that his counsel performed deficiently at trial by failing to call Girlfriend as a witness, by failing to introduce into evidence an email purportedly written by Victim, and by failing to introduce Girlfriend's police interview. To establish ineffective assistance of counsel, Hill must demonstrate, first, "that counsel's performance was deficient" and, second, "that the deficient performance prejudiced the outcome of his case." *See State v. J.A.L.*, 2011 UT 27, ¶ 25, 262 P.3d 1 (quotation simplified); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶10   First, Hill argues that his trial counsel should have called Girlfriend as a witness at trial. Hill claims that Girlfriend would have corroborated his assertion that he believed the stolen property belonged to her, and that his counsel did not adequately investigate or make reasonable efforts to secure her testimony.

¶11   "If counsel does not adequately investigate the underlying facts of a case, including the availability of

prospective defense witnesses, counsel's performance cannot fall within the 'wide range of reasonable professional assistance.'" *State v. Templin*, 805 P.2d 182, 188 (Utah 1990) (quoting *Strickland*, 466 U.S. at 686). But in this case, Hill's counsel was precluded from obtaining Girlfriend's testimony not by his failure to investigate, but by Girlfriend's refusal to appear at trial. Hill's counsel intended to question Girlfriend and even requested a continuance when she refused to comply with the State's subpoena. The court determined, both at the time of trial counsel's continuance motion and at the hearing on Hill's motion for a new trial, that Girlfriend's refusal to comply with the State's subpoena on Fifth Amendment grounds made it unlikely that she would comply with a subpoena from the defense and testify at trial. Given Girlfriend's refusal to comply with the State's subpoena, we agree with the district court that any attempt by trial counsel to subpoena her would have been futile, and the failure of counsel to undertake futile acts does not constitute ineffective assistance. *See State v. Gunter*, 2013 UT App 140, ¶ 35, 304 P.3d 866 ("There is no requirement that counsel engage in futile acts.").

¶12    Hill next asserts that his counsel should have introduced an email purportedly written by Victim to Girlfriend five months after the burglary. The email apparently stated Victim's desire to divide his property with Girlfriend. At the evidentiary hearing on Hill's motion for a new trial, Victim testified that he did not write the email and that Girlfriend had access to his email account and password. Victim reported the email to police within twenty-four hours of discovering it. The court found Victim's testimony credible, further observing that Girlfriend had motivation to falsify the email. Hill has failed to challenge these findings on appeal.

¶13    In any event, as noted, the email was sent nearly five months after the burglary, and Hill therefore could not have relied upon it as support for his assertion that it influenced his belief that the property belonged to Girlfriend at the time of the burglary. Rather, the email's only potential usefulness would

have been to establish that the property belonged to Girlfriend. Given the district court's finding that the email was fabricated, we conclude that counsel did not perform ineffectively by not seeking to admit the email. Indeed, a reasonable attorney could have concluded that the jury was likely to draw a negative inference from the email—that Girlfriend actually forged the email because the property did *not* belong to her. *See State v. Taylor*, 947 P.2d 681, 687 (Utah 1997) (holding that counsel need not introduce potential mitigating evidence if counsel "believes after a thorough investigation that it will harm the case or if other strategic reasons for its omission exist").

¶14    Finally, Hill asserts that his counsel performed deficiently by failing to review and introduce the audio recording of Girlfriend's police interview. After reviewing the recording, the district court found that attempting to use that information at trial would not have been helpful to Hill because Girlfriend "made statements in her interview that in many ways contradicted [Hill's] testimony at trial as well as both [Hill's and her own] interview statements." Hill has failed to challenge the district court's finding, asserting only that his counsel performed deficiently by failing to review the recording. But we need not determine whether counsel performed deficiently, because Hill has failed to assert that he was prejudiced by counsel's actions. *See Archuleta v. Galetka*, 2011 UT 73, ¶ 41, 267 P.3d 232 ("In the event it is 'easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,' we will do so without analyzing whether counsel's performance was professionally unreasonable." (quoting *Strickland*, 466 U.S. at 697)). Accordingly, Hill has not established that his counsel's failure to introduce the police interview at trial rose to the level of ineffective assistance of counsel.

CONCLUSION

¶15    We determine that Hill did not receive ineffective assistance of counsel because it would have been futile for

defense counsel to subpoena Girlfriend, because the decision to omit the email from evidence was sound trial strategy, and because Hill has not established that he was prejudiced by counsel's failure to introduce Girlfriend's police interview. Accordingly, we affirm.

———————