**2013 UT App 163**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
SANDRA DENISE CHRISTENSEN,
Defendant and Appellant.

Per Curiam Decision
No. 20120747-CA
Filed July 5, 2013

Third District, Tooele Department
The Honorable Robert W. Adkins
No. 111300416

David J. Angerhofer, Attorney for Appellant
John E. Swallow and Mark C. Field, Attorneys for
Appellee

Before JUDGES THORNE, ROTH, and CHRISTIANSEN.

PER CURIAM:

¶1    Sandra Denise Christensen appeals her conviction of insurance fraud. We affirm.

¶2    Christensen asserts that she received ineffective assistance of counsel at trial. Specifically, she argues that trial counsel should have admitted into evidence certain medical records and an insurance report regarding the condition of the deck attached to Christensen's rented house. Because these materials are not in the record on appeal, Christensen filed a motion for remand pursuant to rule 23B of the Utah Rules of Appellate Procedure.

¶3 Under rule 23B, a criminal appellant "may move the court to remand the case to the trial court for entry of findings of fact necessary for the appellate court's determination of a claim of ineffective assistance of counsel." Utah R. App. P. 23B(a). "The motion shall be available only upon a nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective." *Id.* The motion must be supported by affidavits "alleging facts not fully appearing in the record on appeal that show the claimed deficient performance." *Id.* R. 23B(b).

¶4 The purpose of rule 23B "is for appellate counsel to put on evidence he or she now has" regarding ineffective assistance of trial counsel. *State v. Johnston*, 2000 UT App 290, ¶ 7, 13 P.3d 175 (per curiam). An appellant "must present this court with the evidence he intends to present on remand and explain how that evidence supports both prongs" of the ineffective assistance of counsel test. *Id.* ¶ 11. Christensen's motion does not comply with the requirements of rule 23B and *State v. Johnston.* It is supported only by an affidavit from appellate counsel reporting portions of the proposed evidence. Although the evidence apparently is in Christensen's possession, the evidence is not included with the motion for remand. Absent the evidence that is the subject of the motion for remand, this court is left with only speculation about the content and value of the proposed evidence as a whole. Because the motion is not properly supported, we deny it.

¶5 Christensen's argument that trial counsel was ineffective for failing to introduce medical records and the insurance report fails due to an inadequate record. The medical records and insurance report are not in the record on appeal. Accordingly, this court cannot reach the issue presented. *See State v. Litherland*, 2000 UT 76, ¶ 17, 12 P.3d 92. Rather, "[w]here the record appears inadequate in any fashion, ambiguities or deficiencies resulting therefrom simply will be construed in favor of a finding that counsel performed effectively." *Id.* Accordingly, Christensen's conviction is affirmed.