**2015 UT App 263**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
DAVID ANDREW NORTON,
Defendant and Appellant.

Opinion
No. 20140029-CA
Filed October 29, 2015

Third District Court, West Jordan Department
The Honorable Mark S. Kouris
No. 121401244

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Ryan D. Tenney, Attorneys
for Appellee

JUDGE JAMES Z. DAVIS authored this Opinion, in which
JUDGES GREGORY K. ORME and STEPHEN L. ROTH concurred.

DAVIS, Judge:

¶1 David Andrew Norton appeals from the district court's entry of consecutive sentences. Norton argues that he received ineffective assistance of counsel during sentencing and that but for his counsel's deficient performance, the court would not have imposed consecutive sentences. In support of his argument, Norton asks us to remand the case under rule 23B of the Utah Rules of Appellate Procedure. We deny Norton's request for a rule 23B remand and affirm the district court's sentencing decision.

BACKGROUND

¶2 Norton pleaded guilty to two counts of sexual abuse of a child and one count of attempted disarming of a police officer, each a second degree felony. At the sentencing hearing, Norton's counsel requested probation with substance abuse and sex offender treatment, arguing that Norton's criminal behavior "was borne out of his substance abuse." The district court rejected counsel's assertion that Norton's substance abuse "has anything to do with" the charges against him and stated, "I deal with literally hundreds of drug addicted people every week, I operate a drug court. Because a person is addicted to heroin or cocaine doesn't cause them to sexual[ly] molest [a child] on a number of occasions." Accordingly, the district court sentenced Norton to three indeterminate terms of one to fifteen years and ordered the sentences to run consecutively. Norton appeals, arguing that his counsel rendered ineffective assistance during sentencing.

ISSUES AND STANDARDS OF REVIEW

¶3 As an initial matter, Norton seeks a rule 23B remand to supplement the record with evidence he claims is necessary for this court's review of his ineffective assistance of counsel claim. "A remand under rule 23B will . . . be granted [only] 'upon a nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective.'" *State v. Lee*, 2014 UT App 4, ¶ 5, 318 P.3d 1164 (quoting Utah R. App. P. 23B(a)).

¶4 Norton also argues that his counsel's representation during sentencing was deficient in several ways. "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *Id.* ¶ 6 (citation and internal quotation marks omitted).

ANALYSIS

I. A Rule 23B Remand Is Not Warranted.

¶5     Norton seeks a rule 23B remand to supplement the record with a Forensic Psychological Examination Summary (FPES) prepared by a licensed clinical social worker and a Psychosexual Evaluation (PE) prepared by a psychologist. He asserts that these two reports "provide critical information concerning [his] history, character, and rehabilitative needs" and should have been presented to the district court prior to sentencing.

¶6     Rule 23B of the Utah Rules of Appellate Procedure "provides a mechanism for criminal defendants to supplement the record with facts that are necessary for a finding of ineffective assistance of counsel" where the inadequacy of the record on appeal is a result of the ineffective assistance alleged. *State v. Griffin*, 2015 UT 18, ¶ 17. "There are four basic requirements for obtaining a 23B remand. First, the motion must be supported by affidavits setting forth" facts that are not "contained in the existing record." *State v. Johnston*, 2000 UT App 290, ¶¶ 8–9, 13 P.3d 175 (per curiam), *overruled in part by Griffin*, 2015 UT 18, ¶¶ 19, 27. "Second, the defendant must provide allegations of fact that are not speculative." *Griffin*, 2015 UT 18, ¶ 19. "Third, the allegations must show deficient performance" by counsel. *Johnston*, 2000 UT App 290, ¶ 12. And fourth, "the affidavits supporting the motion must also allege facts that show the claimed prejudice suffered by the appellant as a result of the claimed deficient performance." *Id.* ¶ 13 (citation and internal quotation marks omitted); *see also Griffin*, 2015 UT 18, ¶ 20 ("The third and fourth elements of the *Johnston* test come from the rule's mandate that the alleged facts could support a determination that counsel was ineffective." (citation and internal quotation marks omitted)).

¶7     "It stands to reason that if the defendant could not meet the test for ineffective assistance of counsel, even if his new

factual allegations were true, there is no reason to remand the case, and we should deny the [rule 23B] motion." *Griffin*, 2015 UT 18, ¶ 20. To succeed on an ineffective assistance of counsel claim, a defendant must "establish that his counsel rendered a deficient performance in some demonstrable manner, which performance fell below an objective standard of reasonable professional judgment." *Id*. ¶ 15 (citation and internal quotation marks omitted). The defendant must also "show that counsel's performance prejudiced [him], meaning that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citation and internal quotation marks omitted).

A.     The Forensic Psychological Examination Summary

¶8     We consider the reports on which Norton bases his rule 23B motion, the FPES and PE, "solely to determine the propriety of remanding [his] ineffective assistance of counsel claim[] for [an] evidentiary hearing[]." *See State v. Bredehoft*, 966 P.2d 285, 290 (Utah Ct. App. 1998). Norton alleges that his counsel was aware of the FPES and its contents; Norton found the FPES in his counsel's file. Therefore, he argues, his counsel's failure to present the FPES prior to sentencing was deficient and prejudicial. The FPES does contain some information that may have been helpful to Norton. For instance, the FPES indicates that Norton does not have a history of sexual abuse, and it states, "It would be reasonable to assume that if [Norton] could receive sexual offender therapy, supervision from the pre-trial program, be required to do drug testing, and avoid unsupervised contact with minors, then [his] danger to the community could be reduced" to "a low to moderate probability of risk." The FPES concludes that Norton should receive supervised release.

¶9     Much of this information, however, is already in the record, albeit absent the same professional imprimatur of the FPES. The presentence investigation report (PSI) indicates that

Norton needs substance abuse treatment and that he does not have a history of sexual abuse. And several character-reference letters submitted by Norton's family and friends suggest that Norton is not a danger to the community and can be rehabilitated.

¶10    Additionally, the FPES contains some information that is unfavorable to Norton's argument for lenient sentencing. The FPES describes Norton as having "impulsive sexual urges," "compulsive sexual behavior," and a "fixation" on the victim, and it indicates that Norton's sexual urges "will likely continue unless [he] receives treatment in a structured treatment program." In light of this unfavorable information and the fact that most of the favorable information in the FPES is largely duplicative, counsel's decision to withhold the report at sentencing was a reasoned and sound strategy. *See Griffin*, 2015 UT 18, ¶ 21 ("[W]e indulge in the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (citation and internal quotation marks omitted)). Because counsel did not perform deficiently by withholding the FPES, counsel did not render ineffective assistance in this regard. *See Archuleta v. Galetka*, 2011 UT 73, ¶ 41, 267 P.3d 232 (recognizing that a court reviewing an ineffective assistance claim does not need to address both deficiency and prejudice if it determines that the defendant has made "an insufficient showing on one" (citation and internal quotation marks omitted)). We therefore deny Norton's request for a rule 23B remand on the FPES issue. *See Griffin*, 2015 UT 18, ¶ 20.

B.    The Psychosexual Evaluation

¶11    We also deny Norton's request for a rule 23B remand with regard to the PE based on a lack of prejudice. Unlike the FPES,

the PE was obtained by Norton's appellate counsel. The PE indicates that Norton is generally not aggressive, has a stable work history, presents a low risk of committing another sex offense, and feels shame and regret for his criminal actions. However, this information is also contained in the PSI and the character-reference letters and was stated by Norton during allocution.

¶12   The PE also explains that Norton "may" have an untreated "cyclic emotional disturbance" that was "likely exacerbated" by his substance abuse and cessation, and that Norton's substance abuse and cessation also "probably contributed" to his criminal behavior. However, this argument is couched in speculative language—i.e., "may," "likely," and "probably"—and the district court already expressly rejected the notion that Norton's substance abuse was a cause for leniency. It is unlikely that this speculation over a possible "emotional disturbance" would have been sufficient to persuade the district court otherwise.

¶13   Furthermore, the PE contains a significant amount of negative information. It describes Norton as minimizing his responsibility for sexually abusing the victim and attributing the abuse to his "feeling sexually deprived" after separating from his wife, his communication problems with his wife, and other problems in his family. The PE also describes Norton as explaining that "he would not have committed a sex offense had [the victim] not been curious and interested in sex," that he "'wasn't interested in forcing anything,'" and that he "was careful to ask [the victim] about performing oral sex on him, rationalizing that 'maybe she want[ed] to.'" The PE concluded that Norton "does not have sufficient motivation to be able to successfully complete a sex offender treatment program," that his "prognosis for a good outcome is questionable," and that his "likelihood of success in the community seems mixed."

¶14 Likewise, during the sentencing hearing, the district court expressed concern that Norton minimized his responsibility for his crimes. The evidence before the court that supported this concern included the PSI and Norton's statements during allocution. The PSI quoted Norton as having described the sexual abuse as "'accidental'" and the behavior underlying the disarming an officer charge as "'not intentional.'" And during allocution, Norton explained that he only "cupped over [the victim's] private area, her genitalia, there was no rubbing, there was no insertion, there was no suggestion of any of that"; that "there was no overt action"; that he does not remember requesting oral sex from the victim; and that the "facts are skewed and misrepresented as presented by the victim's mother." Given the court's concerns that Norton had not taken "any responsibility" for his actions, it is unlikely that the court would have considered the PE, with its description of additional ways in which Norton rationalized his behavior and deflected blame, as helpful to Norton's request for leniency, simply because it also suggests that Norton's substance abuse and cessation "probably contributed" to his criminal behavior and "likely exacerbated" an untreated emotional disturbance he "may" have. Accordingly, counsel's failure to obtain the PE and present it to the district court before sentencing did not prejudice Norton. *See State v. Griffin*, 2015 UT 18, ¶¶ 15, 21. Because Norton cannot "meet the test for ineffective assistance of counsel, even if his new factual allegations were true, there is no reason to remand the case" under rule 23B. *See id.* ¶ 20. We therefore deny Norton's rule 23B motion in its entirety.

## II. Norton's Counsel Was Not Ineffective.

¶15 Norton relies on the contents of his rule 23B filings to support the ineffective assistance arguments in his appellate brief. As stated above, "[w]e consider affidavits supporting Rule 23B motions solely to determine the propriety of remanding ineffective assistance of counsel claims for evidentiary hearings."

*See State v. Bredehoft*, 966 P.2d 285, 290 (Utah Ct. App. 1998). The FPES, PE, and accompanying affidavits are therefore not a part of the record before this court, and "we do not consider new evidence on appeal." *See id*. (citation and internal quotation marks omitted). Moreover, based on our analysis of Norton's rule 23B motion, even if we were to consider his rule 23B filings, we would reach the same conclusion—that he has not demonstrated that his counsel was ineffective.

¶16  Aside from the arguments in Norton's brief that rely on his rule 23B affidavits, Norton argues that counsel performed deficiently by failing to properly argue against the imposition of consecutive sentences. He asserts that counsel failed to investigate his personal "history, character, and rehabilitative needs" and failed to consult with a mental health professional. As a result, he argues, the district court ordered consecutive sentences without having the requisite evidence before it.

¶17  As indicated above, to succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that his counsel performed deficiently and that counsel's deficient performance prejudiced him. *Griffin*, 2015 UT 18, ¶ 15; *see also Archuleta v. Galetka*, 2011 UT 73, ¶ 41, 267 P.3d 232 (noting that failure to satisfy one prong of the ineffective assistance test is fatal to a defendant's claim). To demonstrate deficient performance, a "defendant must overcome the strong presumption that [his] trial counsel rendered adequate assistance by persuading the court that there was no conceivable tactical basis for counsel's actions." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162 (alteration in original) (emphasis, citations, and internal quotation marks omitted). "The court give[s] trial counsel wide latitude in making tactical decisions and will not question such decisions unless there is no reasonable basis supporting them." *Id.* (alteration in original) (citation and internal quotation marks omitted).

¶18    First, we note that by Norton's own admission, his counsel did, in fact, have access to a report from a licensed clinical social worker prior to sentencing—Norton indicated that he obtained the FPES from his attorney's files. Additionally, counsel obtained and submitted to the court seven favorable character-reference letters from members of Norton's family, church, and community that described Norton as an intelligent, religious, motivated, affable person. The letters attributed Norton's criminal behavior to his substance abuse and expressed optimism regarding Norton's ability to turn his life around if granted leniency. The PSI also contained information pertaining to Norton's personal life, living situation, education, finances, employment history, criminal history, and substance-abuse history. Accordingly, we reject Norton's assertion that counsel failed to investigate his "history, character, and rehabilitative needs" or to consult with a mental health professional.[1]

¶19    Next, we consider whether counsel's failure to submit the FPES amounted to deficient performance. We do so without considering the substance of the FPES, as that document is not in the record on appeal. Instead, we evaluate whether counsel had a reasonable strategic basis for not submitting that document. Here, we can safely assume that counsel may not have considered the FPES sufficiently favorable, relying instead on the favorable letters and Norton's well-written statement of remorse

---

1. Counsel's failure to seek out another mental health professional and, e.g., obtain a psychosexual evaluation, particularly if the first mental health professional's report is less than stellar, does not amount to deficient performance. *Cf. State v. Munguia*, 2011 UT 5, ¶ 33, 253 P.3d 1082 (rejecting an ineffectiveness argument based on counsel's failure to obtain an additional psychosexual evaluation and noting that the results of any additional evaluation were purely speculative and could have been unfavorable).

that he read during allocution to persuade the court to be lenient. This information stressed Norton's remorse, portrayed him as a driven person who has the skills and desire to turn his life around, and demonstrated the strength of his personal support system. That the court ultimately did not see the evidence that way, however, does not render counsel's performance deficient.

¶20 Because "a rational basis for counsel's performance can be articulated, [the court] will assume counsel acted competently." *See State v. Bryant*, 965 P.2d 539, 542–43 (Utah Ct. App. 1998) (alteration in original) (citation and internal quotation marks omitted). Accordingly, Norton has not demonstrated that his counsel rendered ineffective assistance during sentencing.[2]

CONCLUSION

¶21 We deny Norton's motion for a rule 23B remand and affirm the district court's sentencing decision.

―――――――――

2. Norton also suggests that the district court "illegal[ly] stack[ed] three 1–15 [year] sentences" under Utah Code section 76-3-401(6)(a). *See* Utah Code Ann. § 76-3-401(6)(a) (LexisNexis 2012). "If a court imposes consecutive sentences, the aggregate maximum of all sentences imposed may not exceed 30 years imprisonment." *Id.* We reject this argument and note that this Utah Code section explicitly states, "This section may not be construed to restrict the number or length of individual consecutive sentences that may be imposed or to affect the validity of any sentence so imposed, but only to limit the length of sentences actually served under the commitments." *See id.* § 76-3-401(10).